**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4425 Jamboree Road
Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff Anwaar Hines

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANWAAR HINES,

    Plaintiff,

vs.

COUNTY OF SAN BERNARDINO; ROBERT STUCKI; and DOES 1 through 10, inclusive,

    Defendants.

) Case No.
)
) COMPLAINT FOR DAMAGES FOR:
)
) 1. UNLAWFUL SEIZURE OF PERSON (U.S. CONST. AMEND. 4)
)
) 2. EXCESSIVE / UNREASONABLE FORCE (U.S. CONST. AMEND. 4)
)
) 3. MUNICIPAL LIABILITY (*Monell* Liability) FOR FAILURE TO TRAIN AND/OR DISCIPLINE DEPUTIES and OFFICERS (U.S. CONST. AMENDS. 1, 4 & 14)
)
) 4. MUNICIPAL LIABILITY (*Monell* Liability) FOR CUSTOM /
)

COMPLAINT FOR DAMAGES

1

)    PRACTICE / POLICY (U.S.
)    CONST. AMENDS. 1, 4 & 14)
) **JURY TRIAL DEMANDED**
)

**COMES NOW** Plaintiff Anwaar Hines and shows this Honorable Court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the City of Laguna Beach, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Anwaar Hines, **hereinafter referred to as "HINES" or "Plaintiff HINES", is** a natural person, who, at all times complained of in this action, resided in the County of San Bernardino, California.

4. Defendant County of San Bernardino, hereinafter also referred to as "COUNTY", **is a municipal entity located in the State of California**; within the territorial jurisdiction of this court.

5. Defendant Robert Stucki, **hereinafter also referred to as "STUCKI", is,**

and at all times complained of herein, was, a peace officer with the San Bernardino County Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with the San Bernardino County Sheriff's Department.

6. Defendants DOES 1 through 6, inclusive, are sworn peace officers and / and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the San Bernardino County Sheriff's Department and/or County of San Bernardino, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

7. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the San Bernardino County Sheriff's Department and/or COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

8. Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the **San Bernardino County Sheriff's** Department and/or defendant COUNTY, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the San Bernardino County Sheriff's Department and/or COUNTY for, *inter alia*,: 1) for unlawfully seizing persons; 2) failing to train their officers about the conduct which does and does not violate Penal Code sec. 148(a)(1); and 3) for **violating persons' right to freedom of speech.**

9. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the **San Bernardino County Sheriff's** Department and/or COUNTY,

and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

10. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the San Bernardino County Sheriff's Department and otherwise with defendant COUNTY[1].

11. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

12. In addition to the above and foregoing, Defendants STUCKI and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

13. Defendants STUCKI and DOES 1 through 6, inclusive, acted in joint and concerted action to deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

---

[1] Such as a CITY executive officer.

COMPLAINT FOR DAMAGES
5

14. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
Violation of Fourth Amendment Rights –
Unlawful / Unreasonable Seizure of Person
(Against Defendants STUCKI and DOES 1 through 6, inclusive)

15. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14, inclusive, above, as if set forth in full herein.

16. On January 31, 2019, HINES was driving home and noticed STUCKI searching a vehicle in HINES' neighborhood.

17. HINES parked his car, walked in the general direction of STUCKI and began recording STUCKI as STUCKI was searching the vehicle. HINES was approximately 20 feet away from STUCKI when he began video recording and did not do anything to resist, obstruct or delay STUCKI.

18. Once STUCKI had completed his search of the vehicle, he told the occupants of the vehicle that they were free to leave and STUCKI returned to his patrol vehicle.

19. HINES then asked the occupants of the searched vehicle why they were stopped. The occupant said that he did not know. HINES then asked if he gave STUCKI consent to search the vehicle. The occupant said that he did not.

20. STUCKI then approached HINES. HINES asked STUCKI for his name. STUCKI then immediately asked HINES for his identification.

21. HINES told STUCKI that he was not going to provide his identification because he had done nothing wrong.

22. STUCKI responded that he was going to take him to jail if HINES did not provide identification.

23. STUCKI continued to order HINES to provide his identification and HINES continued to decline to provide his identification.

24. STUCKI then told HINES that he was being arrested and seized HINES' cell phone for "evidence."

25. STUCKI then placed HINES in handcuffs. STUCKI tortured HINES by unnecessarily tightening the handcuffs on HINES to the point that HINES suffered injuries as a result of the unnecessarily tight handcuffs.

26. HINES told STUCKI that the handcuffs were too tight and asked STUCKI to loosen the handcuffs. STUCKI refused.

27. STUCKI then booked HINES to the San Bernardino County Sheriff's Department Joshua Tree Jail.

28. While HINES was in the jail he could see STUCKI going through HINES' cell phone without HINES' consent. HINES was ultimately released after spending several hours at the jail.

29. As complained of herein above, Defendants STUCKI and DOES 1 through 6, inclusive, did not have a warrant for HINES' arrest, nor probable cause to believe that HINES had committed a crime, nor reasonable suspicion that HINES was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by HINES.

30. Accordingly, the seizure of HINES by Defendants STUCKI and DOES 1 through 6, inclusive, by use of force constituted an unlawful and unreasonable seizure of HINES, in violation of his rights under the Fourth Amendment to the United States Constitution.

31. As a direct and proximate result of the actions of Defendants STUCKI and DOES 1 through 6, inclusive, as complained of herein, HINES: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $1,000,000.

32. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of HINES' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $1,000,000.

///

///

///

# SECOND CAUSE OF ACTION
# VIOLATION OF 42 U.S.C. § 1983
**Violation of First Amendment Rights - Freedom of Speech; Right to Peacefully Assemble; and Freedom of Association**
**(Against Defendants STUCKI and DOES 1 through 6, inclusive)**

33. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 32, inclusive, above, as if set forth in full herein.

34. Moreover, the conduct of Defendant STUCKI and DOES 1 through 6, inclusive, violated HINES' right to freedom of speech, specifically when STUCKI and DOES 1 through 6, inclusive retaliated against HINES for requesting STUCKI's name and video recording STUCKI.

35. A substantial or motivating factor in the decisions of the various defendants to take the adverse actions against plaintiff as complained of in this action, was HINES' exercise of his right to freedom of speech under the First Amendment to the United States Constitution.

36. Moreover, said defendants would not have taken said adverse actions against HINES, had HINES not exercised his right to freedom of speech under the First Amendment to the United States Constitution.

37. The conduct of STUCKI and DOES 1 through 6, inclusive, would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity.

COMPLAINT FOR DAMAGES
9

38. As a direct and proximate result of said adverse actions taken against said plaintiff by said defendants as described above, plaintiff suffered serious bodily injury, severe mental and emotional distress, medical and psychological costs and expenses, lost wages / profits, attorney's fees and other special damages; all in an amount to be proven at trial, in excess of $1,000,000.00.

39. The actions of defendants and each of them, as complained of herein, were done maliciously and in reckless disregard of plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against said defendants, save defendant COUNTY, in an amount to be proven at trial, in excess of $1,000,000.00.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights -
### Excessive/Unreasonable Use of Force on Person
### (Against STUCKI and DOES 1 through 6, inclusive)

40. Plaintiff hereby realleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 39 inclusive, above, as if set forth in full herein.

41. As mentioned above and in addition to the above and foregoing, when HINES was unlawfully arrested, he was physically tortured by STUCKI and DOES 1 through 6, inclusive.

42. The actions of Defendants STUCKI and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of HINES' rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and

unreasonable and excessive force upon his person.

43. As a direct and proximate result of the actions of Defendants STUCKI and DOES 1 through 6, inclusive, HINES was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $1,000,000.00.

44. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of HINES' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save COUNTY, in an amount to be proven at trial, in excess of $1,000,000.00.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Municipal Liability - Failure To Properly Train**
**And For Failure To Properly Hire / Fire / Discipline**
**(Against Defendant COUNTY)**

45. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 44, inclusive, above, as if set forth in full herein.

46. As complained of herein above, the acts of Defendant STUCKI and DOES 1 through 6, deprived HINES of his rights under the laws of the United States and The United States Constitution.

47. The training policies of COUNTY were not adequate to train its police officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted HINES. COUNTY failed to properly train its deputies when it's a crime to refuse to provide identification; that it's lawful to video record peace officers and that they may not retaliate against persons for exercising constitutional rights.

48. COUNTY was deliberately indifferent to the obvious consequences of its failure to train its peace officer employees adequately.

49. The failure of COUNTY to provide adequate training caused the deprivation of HINES' rights by Defendants STUCKI and DOES 1 through 6, inclusive.

50. COUNTY's failure to train is closely related to the deprivation of HINES' rights as to be the moving force that ultimately caused HINES' injuries.

51. As a direct and proximate result of the actions of defendants, and each of them, as complained of herein, Plaintiff HINES: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to

be proven at trial in excess of $1,000,000.00.

## FIFTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or Custom
### (Against Defendant COUNTY)

52. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 51 inclusive, above, as if set forth in full herein.

53. As shown above, the actions of defendant STUCKI and DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution, as described above.

54. At all times complained of herein, defendants STUCKI and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the San Bernardino County Sheriff's Department / defendant COUNTY: 1) for unlawfully seizing and arresting persons; 2) for retaliating against persons for exercising constitutionally protected conduct; and 3) for covering-up unlawful and tortious conduct by San Bernardino County Sheriff's Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

55. Said actions of said defendants were done by them under the color of state law.

56. As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants COUNTY, above-described, said defendants committed said actions complained of above.

57. As a direct and proximate result of the actions of defendants COUNTY, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $1,000,000.00 for each plaintiff.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $1,000,000.00;

b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $1,000,000.00;

c) **For an award of reasonable attorney's fees and costs;**

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____
JERRY L. STEERING

COMPLAINT FOR DAMAGES